DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

Richard Ewenstein (CABN 294649)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California 94102-3495
    Telephone: (415) 436-6842
    FAX: (415) 436-7234
    Richard.Ewenstein@usdoj.gov

Attorneys for United States of America

**FILED**

**FEB 24 2020**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) **CASE NO. CR-20-0068-CRB** |
|     Plaintiff, | ) |
| | ) **[~~Proposed~~] DETENTION ORDER** |
|     v. | ) |
| | ) |
| RAYA MAN, | ) |
| | ) |
|     Defendant. | ) |

On February 4, 2020, defendant Raya Man made his first appearance before this Court on a complaint charging him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On February 11, the matter came before the Court for a detention hearing. The defendant was present and represented by Federal Public Defender Steven Kalar. Assistant United States Attorney Richard Ewenstein appeared for the government. After hearing proffers from both parties, and with both parties' consent, the Court suspended the hearing so that the parties could provide the Court with further information.

On February 13, 2020, a grand jury returned an indictment against the defendant charging the same offenses as the complaint. The defendant was arraigned on that indictment on February 20, 2020. On February 21, 2020, the parties again appeared before the Court to conclude the detention hearing.

The defendant was again present and represented by Mr. Kalar, and Mr. Ewenstein again appeared for the government.

At the February 11, 2020 hearing, the government moved for detention on the basis that no condition or combination of conditions of release could reasonably assure the defendant's appearance or the safety of the community in light of the defendant's living situation, criminal history, and the alleged conduct in the case. The defense opposed detention and proposed the defendant's release to a halfway house. Pretrial Services recommended detention both because the defendant's living situation posed a risk of non-appearance and because no condition or combination of conditions of release would reasonably assure the safety of the community. The government and Pretrial Services both agreed that, with a more stable living situation and sureties, conditions likely could be fashioned to assure the defendant's appearance.

At the February 21, 2020 hearing, the defense informed the Court that the halfway house would not accept the defendant. The defense also proposed close friends of the defendant as sureties and custodians, among other release conditions. The government continued to seek detention.

Upon consideration of all of the facts and proffers presented at the hearings, including the information contained in the Pretrial Services report, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the defendant must be detained pending trial in this matter.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i). The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

1   (4)  the nature and seriousness of the danger to any person or the community that would be posed

2        by the person's release.

3   18 U.S.C. § 3142(g).

4        Given the nature of the crime alleged, as well as the history and characteristics of the defendant,

5   the Court determines that, on the record before it, there is no condition or combination of conditions of

6   release that can reasonably assure the safety of any other person and the community.  In particular, the

7   Court notes that the defendant has, several times, been convicted of felony offenses involving violence.

8        Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

9        1.   The defendant be, and hereby is, committed to the custody of the Attorney General for

10  confinement in a corrections facility;

11       2.   The defendant be afforded reasonable opportunity for private consultation with counsel; and

12       3.   On order of a court of the United States or on request of an attorney for the government, the

13  person in charge of the corrections facility in which the defendant is confined shall deliver the defendant

14  to an authorized United States Marshal for the purpose of any appearance in connection with a court

15  proceeding.

16       This Order is without prejudice to reconsideration at a later date if circumstances change.

17  IT IS SO ORDERED.

18

19

20  DATED: February 24, 2020

                                        _____
21                                      HONORABLE JOSEPH C. SPERO
                                        Chief United States Magistrate Judge
22

23

24

25

26

27

28