IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>                    Plaintiff,<br><br>          v.<br><br>RAYA MAN,<br><br>                    Defendant. | Case No.  20-cr-00068-CRB-1<br><br>**ORDER RE SENTENCING<br>ENHANCEMENT** |

18 U.S.C. § 922(g)(1) makes it unlawful for any person convicted of "a crime punishable by imprisonment for a term exceeding one year" to possess "any firearm or ammunition" in or affecting commerce.  And under the Armed Career Criminal Act (ACCA), a person who violates § 922(g) and who has "three previous convictions . . . for a violent felony . . . shall be imprisoned not less than fifteen years."  18 U.S.C. § 924(e)(1),

The government has charged Defendant Raya Man with being a felon in possession of a firearm and ammunition in violation of § 922(g)(1).  See Indictment (dkt. 12).  Before Mr. Man's change of plea and sentencing hearing, the parties have submitted sentencing memoranda that dispute whether Mr. Man will be subject to § 924(e)(1)'s mandatory minimum sentence if he pleads guilty.  See Def Sentencing Memo (dkt. 58); Gov Sentencing Memo (dkt. 61).  The parties agree that Mr. Man has three prior convictions for violating California Penal Code section 245(a).  See Def Sentencing Memo at 3; Gov Sentencing Memo at 5.  Mr. Man was twice convicted of violating section 245(a)(1), which prohibits "assault upon the person of another with a deadly weapon or instrument other than a firearm."  See Cal. Penal Code § 245(a)(1); Presentence Report (dkt. 46) (under seal) ¶¶ 28, 30.  Mr. Man also has one conviction for violating section 245(a)(2),

United States District Court<br>Northern District of California

which prohibits "assault upon the person of another with a firearm."  <u>See</u> Cal Penal Code § 245(a)(2); Presentence Report ¶ 29.  The instant dispute thus turns on whether these convictions constitute violent felonies.  <u>See</u> 18 U.S.C. § 924(e)(1).  The Court postponed Mr. Man's change of plea and sentencing hearing in order to take a closer look at that question.

"An offense qualifies as a violent felony . . . if it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'"  <u>Borden v. United States</u>, 141 S. Ct. 1817, 1822 (2021) (plurality opinion) (quoting 18 U.S.C. § 924(e)(2)(B)(i)).[1]  To determine whether a state offense satisfies that criterion, "courts use the categorical approach."  <u>Id.</u>  Under that approach, "the facts of a given case are irrelevant."  <u>Id.</u>  "The focus is instead on whether the elements of the statute of conviction meet the federal standard," and this requires determining whether the "state offense necessarily involves the defendant's use, attempted use, or threatened use of physical force against the person of another."  <u>Id.</u> (quotation omitted).  "If any—even the least culpable— of the acts criminalized" by the state statute "do not entail that kind of force," the state statute "does not categorically match the federal standard, and so cannot serve as an ACCA predicate."  <u>Id.</u>

<u>Borden</u> held that a criminal offense does not "count as a 'violent felony' if it requires only a mens rea of recklessness—a less culpable mental state than purpose or knowledge."  <u>Id.</u> at 1821–22.  <u>Borden</u> used the term "recklessness" as courts ordinarily do, and consistent with the model penal code:  A person acts recklessly when the person "'consciously disregards a substantial and unjustifiable risk' attached to his conduct, in 'gross deviation' from accepted standards."  <u>Id.</u> at 1824 (quoting Model Penal Code § 2.02(2)(c)).  Thus, if consciously disregarding a substantial and unjustifiable risk in gross deviation from accepted standards is enough to satisfy a state statute's mens rea

---

[1] Although only three other justices joined Justice Kagan's plurality opinion in <u>Borden</u>, Justice Thomas agreed that the plurality's reasoning was "sound" and concurred to express his disagreement with a prior case that had invalidated § 924(e)(2)(B)'s residual clause.  <u>See</u> 141 S. Ct. at 1834–37 (Thomas, J., concurring).  The plurality opinion's reasoning is therefore binding.

United States District Court
Northern District of California

1    requirement, the state offense is not categorically a violent felony.

2           Under Ninth Circuit precedent, violations of sections 245(a)(1) and 245(a)(2) are

3    violent felonies.  The Ninth Circuit has held that violations of sections 245(a)(1) and

4    245(a)(2) are categorically crimes of violence for purposes of the Federal Sentencing

5    Guidelines.  See United States v. Vasquez-Gonzalez, 901 F.3d 1060, 1066–70 (9th Cir.

6    2018); United States v. Jimenez-Arzate, 781 F.3d 1062, 1064–65 (9th Cir. 2015) (per

7    curiam); United States v. Grajeda, 581 F.3d 1186, 1192 (9th Cir. 2009); United States v.

8    Heron-Salinas, 566 F.3d 898, 899 (9th Cir. 2009).  And the Ninth Circuit interprets the

9    terms "crime of violence" and "violent felony" interchangeably.  See, e.g., United States v.

10   Park, 649 F.3d 1175, 1177 (9th Cir. 2011).

11          This Court must follow circuit precedent unless that precedent is "clearly

12   irreconcilable with the reasoning or theory" of an intervening U.S. Supreme Court opinion.

13   Miller v. Gammie, 335 F.3d 889, 893 (9th Cir. 2003).  Mr. Man argues that here, the

14   pertinent Ninth Circuit decisions are clearly irreconcilable with Borden.

15          Contrary to Mr. Man's argument, the relevant Ninth Circuit caselaw is not clearly

16   irreconcilable with Borden.  Vasquez-Gonzalez purported to apply the precise rule later

17   articulated in Borden, see 901 F.3d at 1067 ("[R]eckless or grossly negligent conduct is not

18   enough").  And Vasquez-Gonzalez held that the California Supreme Court has "expressly

19   rejected the conclusion that the mens rea for assault [under section 245(a)] could be

20   satisfied by negligent or reckless conduct."  901 F.3d at 1067.  Vasquez-Gonzalez thus

21   held that section 245(a) requires an "intentional use of force."  Id. at 1068.[2]  In

22   unequivocally holding that a violation of section 245(a) is "categorically a crime of

23   violence" (and thus a violent felony) because recklessness is not enough to satisfy section

24   245(a), Vasquez-Gonzalez is fully consistent with Borden.  Therefore, Vasquez-Gonzalez

25   is binding and requires the Court to conclude that Mr. Man is subject to § 924(e)(1)'s

26

27   ──────────────────
     [2] Vasquez-Gonzalez addressed section 245(a)(1), see 901 F.3d at 1063, but the Ninth Circuit has
28   consistently interpreted sections 245(a)(1) and 245(a)(2) as requiring the same mens rea, see
     Grajeda, 581 F.3d at 1192.

United States District Court
Northern District of California

1    mandatory minimum.

2        That said, the Court takes this opportunity to suggest that the Ninth Circuit

3    reconsider its precedent in an appropriate case.  Vasquez-Gonzalez relied on the California

4    Supreme Court's decision in People v. Williams, which stated that "mere recklessness or

5    criminal negligence is . . . not enough" to satisfy section 245(a).  29 P.3d 197, 203 (2001).

6    And Vasquez-Gonzalez correctly held that as federal courts examining state law while

7    applying the categorical approach, we should "take our direction from the decisions of the

8    State's highest court."  901 F.3d at 1067 n.6; see also Johnson v. United States, 559 U.S.

9    133, 138 (2010) ("[W]e are . . . bound by the [state] Supreme Court's interpretation of state

10   law").  But what if the California Supreme Court was not using the term "recklessness" in

11   its ordinary sense, and the sense used in Borden?  What if, despite purporting to hold that

12   mere recklessness is not enough, the California Supreme Court nonetheless interpreted

13   section 245(a) to reach conduct that involves no more than the conscious disregard of a

14   substantial and unjustifiable risk, in gross deviation from accepted standards?  See Borden,

15   141 S. Ct. at 1824 (citing Model Penal Code § 2.02(2)(c)).

16       There are several reasons to think that the California Supreme Court was using the

17   term "recklessness" idiosyncratically, such that violations of section 245(a)(1) and section

18   245(a)(2) do not categorically constitute violent felonies.

19       Most importantly, Williams appears to say so.  See 29 P.3d at 203 & n.4.  Williams'

20   general holding was that "a defendant guilty of assault must be aware of the facts that

21   would lead a reasonable person to realize that a battery would directly, naturally, and

22   probably result from his conduct."  Id. at 203.  As Grajeda later acknowledged, this

23   language arguably indicates that Williams' definition of assault criminalizes even

24   "negligent conduct."  581 F.3d at 1194.  Williams discussed recklessness only in the

25   context of explaining why the California Supreme Court's general holding was consistent

26   with the California Supreme Court's prior decisions.  29 P.3d at 203.  But Williams was

27   careful to note that, in the prior decision holding that "recklessness" was not enough, the

28   term recklessness was used "in its historical sense as a synonym for criminal negligence,

4

1    rather than its more modern conception as a subjective appreciation of the risk of harm to

2    another." Id. at 203 n.4.  Williams then incorporated the antiquated definition of

3    recklessness into its analysis, rather than using the modern, common definition of

4    recklessness.  Id. at 203 (explaining that "recklessness . . . is still not enough because a jury

5    cannot find a defendant guilty of assault based on facts he should have known but did not

6    know," which is equivalent to explaining that negligence is not enough) (citation omitted).

7    Given that recklessness, as typically understood, involves the "conscious" disregard of a

8    substantial and unjustifiable risk, see Borden, 141 S. Ct. at 1824 (quoting Model Penal

9    Code § 2.02(2)(c)), Williams' statement that a defendant must have subjective knowledge

10   does not prevent section 245(a) from reaching conduct that is merely reckless.

11        Contemporaneous California judicial opinions interpreted Williams to employ an

12   anomalous or antiquated definition of recklessness.  For example, dissenting in Williams,

13   Justice Kennard noted that the majority's "formulation" did not require "a mental state

14   more culpable than . . . recklessness" as that term is commonly understood.  29 P.3d at 207

15   (Kennard, J., dissenting).  Invoking the standard definition (i.e., that recklessness "means a

16   person is aware of and consciously disregards a substantial and unjustifiable risk"), Justice

17   Kennard pointed out that the Williams majority required a defendant to have some

18   subjective knowledge, but did not require a defendant to have "a subjective appreciation of

19   the risk of harm." Id. at 207–08.  The Williams majority did not respond to or deny this

20   characterization (except, perhaps, by invoking the historical conception of recklessness in

21   the aforementioned footnote).  And shortly after Williams was decided, the California

22   Court of Appeal bemoaned that in purporting to hold that recklessness is "not enough,"

23   Williams nonetheless "define[d] the mental state by a negligence standard." People v.

24   Wright, 100 Cal. App. 4th 703, 712 (2002).

25        Over the years, California lower courts have applied Williams consistent with its

26   apparently unorthodox conception of recklessness.  Mr. Man cites a laundry-list of

27   decisions construing Williams and applying section 245(a) to defendants who acted only

28   recklessly, as that term is ordinarily understood.  See Def Sentencing Memo at 7–8 (citing,

United States District Court
Northern District of California

e.g., People v. Aznavoleh, 210 Cal. App. 4th 1181, 1189 (2012); People v. Rainville, 2017 WL 712603, at *3 (Cal. Ct. App. Feb. 23, 2017) (explaining that, under Williams, the mens rea required for assault is merely "a species of negligent conduct")).  Lower court pronouncements on questions of state law cannot trump state Supreme Court pronouncements.  See Johnson, 559 U.S. at 138.  But these many lower court decisions further indicate that when the California Supreme Court purported to require a mens rea greater than recklessness, it used the word recklessness differently than courts (including Borden) normally use it.

Therefore, although Vasquez-Gonzalez purported to follow the California Supreme Court's decision, Vasquez-Gonzalez's assumption that Williams used the term recklessness in its ordinary sense was arguably not faithful to that decision.  If Williams used the term "reckless" in its usual sense, that would be the end of the matter.  But the Ninth Circuit has arguably misread Williams based on a label rather than the substance behind it.[3]  As a result, many Californians who have been convicted for violating section 245(a) based on reckless or negligent conduct (including driving infractions resulting in physical harm) are categorically guilty of violent felonies under Ninth Circuit caselaw.  This calls the caselaw into grave doubt.  See Borden, 141 S. Ct. at 1830 (explaining that offenses like driving under the influence are "far removed from the deliberate kind of behavior associated with violent criminal use of firearms") (quotation omitted).

Although Vasquez-Gonzalez purports to apply the rule later articulated in Borden and is thus not clearly irreconcilable with any intervening U.S. Supreme Court decision, this Court suggests that the Ninth Circuit take a hard look at its precedent.  Even if hesitant

---

[3] The Court focuses on Vasquez-Gonzalez because other Ninth Circuit decisions did not clearly resolve whether recklessness is enough to satisfy section 245(a). Acknowledging the problems with Williams's formulation, Grajeda fell back on circuit precedent because Heron-Salinas had already concluded that a violation of section 245(a) "requires proof of sufficiently intentional conduct." Grajeda, 581 F.3d at 1197 (citing Heron-Salinas, 566 F.3d at 899). But Heron-Salinas reached that conclusion because assault "naturally involves a person acting in disregard of the risk that physical force might be used against another in committing an offense." 566 F.3d at 899 (quoting Leocal v. Ashcroft, 543 U.S. 1, 10–11 (2004)). Thus, Heron-Salinas assumed, contrary to the Supreme Court's later decision in Borden, that a statute criminalizing merely reckless conduct could constitute a violent felony.

to overrule itself, the Ninth Circuit may wish to consider asking the California Supreme Court for clarity.  It may be appropriate to certify "state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts." Kremen v. Cohen, 325 F.3d 1035, 1037 (9th Cir. 2003).  In this Court's view, the question here—whether an offender can violate section 245(a) by merely consciously disregarding a substantial and unjustifiable risk in gross deviation from accepted standards—satisfies the criteria for certification.  The issue is significant as a matter of both California law (see the numerous prosecutions of individuals for merely reckless conduct) and federal law (see the potential application of ACCA's mandatory minimum to these individuals).  And the issue has not been resolved by the California Supreme Court; the Williams majority did not clearly explain what it meant by recklessness, and certainly did not indicate that it was using the term in its ordinary sense.  Finally, although Vasquez-Gonzalez purported to resolve this question, it did not look beyond the label "recklessness" to the substantive meaning of that term as used by the California Supreme Court.  As federal courts, we need not continue to feign understanding of Williams's abstruse reasoning when we can simply ask the California Supreme Court for an answer.  In asking, we could take a step toward fixing the apparent mismatch between the Ninth Circuit's jurisprudence and what is actually happening in California's criminal courts.[4]

For present purposes, under Ninth Circuit precedent, Mr. Man is subject to § 924(e)(1)'s 15-year mandatory minimum.

**IT IS SO ORDERED.**

Dated: August 9, 2021

CHARLES R. BREYER
United States District Judge

---

[4] This Court cannot certify questions of state law to the California Supreme Court. See Cal. Rule of Court 8.548(a).

United States District Court
Northern District of California